UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JANSEN,<br><br>            Plaintiff,<br><br>      v.<br><br>EDMUND G. BROWN,<br><br>            Defendant. | No. 2:14-cv-0391-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II.   Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A.  It names Governor Brown as the defendant and alleges the following:

> Governor Brown was ordered on June 20, 2013 to expand good time credits retroactively for all prisoners by the three judge panel of the Eastern District of California due to the overcrowding of the prisons constituting cruel and unusual punishment.  Since that time Governor Brown has made no effort to comply with that order.  This has damaged the plaintiff and all members of the class unnecessarily, intentionally violating all members constitutional rights.
>
> I seek to be compensated monetarily for myself and all members of the class that have been and continue to be damaged by the unconstitutional conditions of the California State Prisons under the defendants power and control.

ECF No. 1, §§ IV-V.

As a threshold matter, plaintiff may not proceed with the case as a class action.  It is well-established that a layperson cannot ordinarily represent the interests of a class.  *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966).  This rule becomes nearly absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976).

Turning to the substance of plaintiff's allegations, to state a claim under 42 U.S.C. § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal

involvement in the alleged rights deprivation, as there is no respondeat superior liability under section 1983. *Id.* Plaintiff does not allege a violation of a federal constitutional or statutory right. He seeks relief based solely on his allegation that Governor Brown has failed to comply with a court order. He does not allege any facts to show how or which of his federal rights were violated by Brown's purported failure to act. Nor does he allege how he was harmed by the purported failure to act. In particular circumstances, courts have found Eighth Amendment violations stemming from overcrowding in prisons. But overcrowding, by itself, is not a constitutional violation. *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982). For these reasons, plaintiff fails to state a claim upon which relief could be granted. Ordinarily, the court would grant leave to amend to allow plaintiff the chance to cure these deficiencies. But as explained below, plaintiff seeks relief against a defendant who is immune from suit, a defect that could not be cured by further amendment.

Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). Here, plaintiff's claim against Brown concerns acts or omissions done in Brown's official capacity, and plaintiff's sole request for relief against Brown is for monetary damages. This claim fails as a matter of law.

Accordingly, this action must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. This action is dismissed pursuant to 28 U.S.C. § 1915A for seeking monetary relief from a defendant who is immune from such relief.
4. The Clerk of the Court shall close the case.

DATED: May 20, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE